EDWARD A. DUFRESNE, JR., Chief Judge.
12This is an appeal by Edna Silvain and Joseph M. Silvain, plaintiffs-appellants, from a consent judgment in favor of John B. Saer, M.D., dismissing this medical malpractice suit with prejudice. For the following reasons, we affirm that judgment.
There are no factual disputes. In late 2003, while under the care of Dr. Saer, Edna Silvain underwent a procedure involving retinal problems in her left eye. As part of that procedure a retrobulbar anesthesia was injected into the eye. Subsequently, she lost vision in that eye due to ischemic optic neuropathy and this medical malpractice action followed. The basic allegations are that the doctor was negligent in administering the anesthetic, that the injection was causally related to the loss of vision, and that he did not properly inform plaintiff that the procedure could cause blindness.
Prior to suit being filed a medical review panel was convened. That panel concluded that 1) retrobulbar anesthesia is the proper standard of care for the laser ^procedure that was performed; 2) the informed consent included the possibility of loss of vision; 3) there was no evidence that the retrobulbar anesthesia caused is-chemic optic neuropathy; and 4) ischemic neuropathy .is frequently associated with the patient’s medical condition.
Suit was filed on April 26, 2007. On February 11, 2009, defendant filed a motion for summary judgment, arguing that plaintiffs had failed to produce any expert opinion in support of their case, and that this failure was fatal to their claims. On May 18, 2009, a judgment was signed which gave plaintiffs until June 15, 2009, to produce such evidence, and if they did not do so the motion for summary judgment would be granted on ex parte motion of defendant. That judgment also recited that counsel for plaintiffs had approved of this procedure and had signed the judgment agreeing to its form and content. Plaintiffs failed to provide timely any expert opinion in support of their case, and on motion of the defendant summary judgment was entered on July 31, 2009, dismissing the matter with prejudice. This appeal followed.
In Samaha v. Rau, 2007-1726 (La.2/26/08), 977 So.2d 880, the court ruled that expert testimony is required to establish the applicable standard of care in a medical malpractice case, except where the negligence is so obvious that a lay person could find such negligence without the guidance of expert testimony. It also ruled that summary judgment in defendant’s favor is appropriate when the case clearly requires expert testimony, and plaintiff fails to provide it. It noted in this regard that La. C.C.P. Art. 966 C(2) provides that where the non-moving party bears the burden of proof at trial it is sufficient for the moving party to point out the absence of factual support for an essential element of the opposing party’s case and thus that there is no genuine issue of material fact.
[4In the present case, there is no question that the issue of whether the injection of the anesthetic into the eyeball was negligently done is one requiring expert testimony. The question of whether the anesthetic was causally related to the subsequent blindness is also one requiring such evidence. In his motion for summary judgment defendant pointed out to the *518 court that plaintiffs had no expert evidence to establish these facts and therefore there were no genuine issues as to these matters. After the original hearing on the motion the trial judge gave the plaintiffs a month to produce expert evidence. When they failed to meet this deadline, defendant’s motion for summary judgment was granted.
All parties have addressed here the question of whether the May 18, 2009, judgment constituted a consent judgment or bilateral agreement which bound the parties to its terms. In this court’s opinion, those questions are not relevant to the final judgment of July 31, 2009.
The summary judgment procedure provides that such a motion may be urged after adequate discovery, La. C.C.P. Art. 966 C(l). It is apparent that the trial judge decided to grant plaintiffs an additional month to develop their case to such an extent as to defeat defendant’s motion. It is further evident that when they failed to do this, the trial judge was constrained to enter summary judgment in favor of the defendant.
The standard of review of summary judgment is de novo. Samaha v. Rau, supra. As stated above, the facts of this case are such that plaintiffs needed expert evidence to establish both negligence and causation. Defendant pointed out to the court that they had no such evidence, that there was thus no genuine issue of material fact, and that summary judgment was appropriate. After review of the record we agree with this analysis, and hold that summary judgment was properly entered.
|5We finally note that there is an allegation that plaintiff was not properly informed of the possible negative consequences of the procedure. However, before the issue of informed consent can arise, there must be a showing that some aspect of either the procedure or some negligent performance of it was the cause of the injury. Here, the medical review panel concluded that there was no evidence to show that the loss of vision was related to the procedure, and further that this eventuality was rather often associated with plaintiffs underlying medical condition. We also point out that although the report of the medical review panel was not presented in affidavit form, even were that document to be deemed inadmissible for purposes of summary judgment, we would still reach the same result. As stated in Samaha v. Rau, supra, it is not the defendant’s burden to prove that he was not negligent, but rather to point out that plaintiffs did not have evidence to establish an essential element of their case. Here, the plaintiffs had no evidence to establish either negligence or causation, and in this circumstance the issue of informed consent could not arise.
For the foregoing reasons the summary judgment in favor of the defendant is hereby affirmed.

AFFIRMED.

JOHNSON, J., Concurs With Written Reasons.